**WO**  KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Alvin Dolph, | No. CV 10-1162-PHX-RCB (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona Community Protection and Treatment Center, et al., | |
| Defendants. | |

Plaintiff James Alvin Dolph, who is confined in the Arizona State Hospital, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court denied the Application to Proceed with leave to refile. Plaintiff has now paid the filing fee. The Court will dismiss the Complaint with leave to amend.

**I.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

**JDDL-K**

unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL 2947323, at *3 (9th Cir. Jul. 29, 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**II.    Complaint**

Plaintiff names the Arizona Community Protection and Treatment Center as

1   Defendant in the Complaint.

2   Plaintiff's sole ground for relief is that his Eighth Amendment rights were violated
3   when he was denied medical shoes and informed that he would have to pay for the shoes
4   himself. Plaintiff states that without the shoes he suffers "frequent soreness, pain and
5   discoloration as well as swelling in [his] feet." Plaintiff seeks money damages.

6   **III.   Failure to State a Claim**

7   **A.   Defendant Arizona Community Protection and Treatment Center**

8   The Arizona Community Protection and Treatment Center, as a division of the
9   Arizona State Hospital, is not a proper Defendant. Under the Eleventh Amendment to the
10  Constitution of the United States, a state or state agency may not be sued in federal court
11  without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984);
12  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person'
13  for purposes of section 1983. Likewise 'arms of the State' . . . are not 'persons' under
14  section 1983." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991)
15  (citation omitted). Therefore, the Court will dismiss Defendant Arizona Community
16  Protection and Treatment Center.

17  **B.   Medical Claims**

18  Not every claim by a prisoner relating to inadequate medical treatment states a
19  violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a
20  plaintiff must show that the defendants acted with "deliberate indifference to serious medical
21  needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429
22  U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating
23  that failure to treat the condition could result in further significant injury or the unnecessary
24  and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.
25  Jett, 439 F.3d at 1096 (quotations omitted).

26  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,
27  1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know
28  of and disregard an excessive risk to inmate health; "the official must both be aware of facts

JDDL-K                                             - 3 -

1  from which the inference could be drawn that a substantial risk of serious harm exists, and
2  he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate
3  indifference in the medical context may be shown by a purposeful act or failure to respond
4  to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439
5  F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally
6  denies, delays, or interferes with medical treatment or by the way prison doctors respond to
7  the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

8  Deliberate indifference is a higher standard than negligence or lack of ordinary due
9  care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross
10 negligence will constitute deliberate indifference." Clement v. California Dep't of
11 Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter
12 Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
13 "medical malpractice" do not support a claim under § 1983).

14 Even if Plaintiff had named a proper Defendant, he has not alleged facts sufficient to
15 demonstrate that individual medical providers acted with deliberate indifference. Plaintiff
16 states he was prescribed medical shoes by a foot specialist. Plaintiff was then informed that
17 because he received money from a trust fund, he would have to pay for his shoes. Plaintiff
18 filed grievances and was informed that his request for medical shoes was "not a medical
19 issue, also [he could] purchase his own shoes."

20 First, Plaintiff has not demonstrated that the suffers from a serious medical need to
21 which medical providers were deliberately indifferent. Further, Plaintiff does not allege that
22 he was denied the medical shoes he was prescribed, only that he would have to pay for the
23 shoes himself. Charging prisoners fees for medical services does not violate the Eighth
24 Amendment unless it prevents prisoners from receiving medical care. See Shapley v. Nevada
25 Board of State Prison Comm'rs, 766 F.2d 404, 408 (9th Cir. 1985) (per curiam). Plaintiff has
26 not alleged that he would be unable to pay for the shoes or that having to pay for the shoes
27 has prevented him from receiving medical care. Plaintiff has therefore failed to state a claim.
28 **IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable and will be dismissed**.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**V.     Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

1    (2)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 10th day of October, 2010.

_____
Robert C. Broomfield
Senior United States District Judge