**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Alvin Dolph,<br><br>    Plaintiff,<br><br>vs.<br><br>Arizona Community Protection and Treatment Center, et al.,<br><br>    Defendants. | No. CV 10-1162-PHX-RCB (MHB)<br><br>**ORDER** |

On May 28, 2010, Plaintiff James Alvin Dolph, who is confined in the Arizona State Hospital, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On June 7, 2010, the Court denied the Application to Proceed with leave to re-file. On June 21, 2010, Plaintiff paid the filing fee. In a October 12, 2010 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On October 22, 2010, Plaintiff filed his First Amended Complaint (Doc. 7). The Court will dismiss the First Amended Complaint with leave to amend.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

**JDDL-K**

1 be granted, or that seek monetary relief from a defendant who is immune from such relief.
2 28 U.S.C. § 1915A(b)(1), (2).

3     A pleading must contain a "short and plain statement of the claim *showing* that the
4 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not
5 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
6 unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
7 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
8 statements, do not suffice." Id.

9     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
10 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
11 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
12 that allows the court to draw the reasonable inference that the defendant is liable for the
13 misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
14 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
15 experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual
16 allegations may be consistent with a constitutional claim, a court must assess whether there
17 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

18     But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
19 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL
20 2947323, at *3 (9th Cir. Jul. 29, 2010).  A "complaint [filed by a *pro se* prisoner] 'must be
21 held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting
22 Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

23     If the Court determines that a pleading could be cured by the allegation of other facts,
24 a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
25 action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court
26 should not, however, advise the litigant how to cure the defects.  This type of advice "would
27 undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,
28 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

JDDL-K      - 2 -

1 required to inform a litigant of deficiencies). Plaintiff's First Amended Complaint will be 2 dismissed for failure to state a claim, with leave to amend because the First Amended 3 Complaint may possibly be saved by amendment.

## II.     First Amended Complaint

In his one-count First Amended Complaint, Plaintiff sues Physician Assistant Randy Pence and Nursing Supervisor Annett Antoine. Plaintiff claims that his Eighth Amendment rights were violated when "medical staff" denied him medical shoes after they had been prescribed by a podiatrist. Plaintiff seeks injunctive relief and money damages.

## III.    Failure to State a Claim

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff has not made allegations against the named Defendants or linked the denial of his medical shoes to the named Defendants. Plaintiff has therefore failed to state a claim.

## IV.    Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

If Plaintiff files a second amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. See Rizzo, 423 U.S. at 371-72, 377.

JDDL-K

- 3 -

1  Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff
2  fails to affirmatively link the conduct of each named Defendant with the specific injury
3  suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to
4  state a claim. **Conclusory allegations that a Defendant or group of Defendants have**
5  **violated a constitutional right are not acceptable and will be dismissed**.

6  Plaintiff must clearly designate on the face of the document that it is the "Second
7  Amended Complaint." The second amended complaint must be retyped or rewritten in its
8  entirety on the court-approved form and may not incorporate any part of the original
9  Complaint or First Amended Complaint by reference. Plaintiff may include only one claim
10 per count.

11 A second amended complaint supersedes the original Complaint and First Amended
12 Complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v.
13 Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will
14 treat the original Complaint and First Amended Complaint as nonexistent. Ferdik, 963 F.2d
15 at 1262. Any cause of action that was raised in the original Complaint or First Amended
16 complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814
17 F.2d 565, 567 (9th Cir. 1987).

18 **V.    Warnings**

19    **A.    Release**

20 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
21 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
22 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
23 in dismissal of this action.

24    **B.    Address Changes**

25 Plaintiff must file and serve a notice of a change of address in accordance with Rule
26 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
27 relief with a notice of change of address. Failure to comply may result in dismissal of this
28 action.

JDDL-K

- 4 -

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The First Amended Complaint (Doc. 7) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

. . .

. . .

1  (3) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil
2 rights complaint by a prisoner.
3  DATED this 15th day of November, 2010.

_____
Robert C. Broomfield
Senior United States District Judge