**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James Alvin Dolph, | ) | No. CV 10-1162-PHX-RCB (MHB) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Arizona Community Protection and Treatment Center, et al., | ) | |
| Defendants. | ) | |

On May 28, 2010, Plaintiff James Alvin Dolph, who is confined in the Arizona State Hospital, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On June 7, 2010, the Court denied the Application to Proceed with leave to refile. On June 21, 2010, Plaintiff paid the filing fee. In a October 12, 2010 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On October 22, 2010, Plaintiff filed his First Amended Complaint. In a November 16, 2010 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On December 3, 2010, Plaintiff filed a Second Amended Complaint (Doc. 9). The

**TERMPSREF**

1 Court will order Defendants Pence and Antoine to answer the Second Amended Complaint.

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL 2947323, at *3 (9th Cir. Jul. 29, 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

1 **II.     Second Amended Complaint**

2     In his one-count Second Amended Complaint, Plaintiff sues Physician Assistant
3 Randy Pence and Nursing Supervisor Annett Antoine.

4     Plaintiff alleges that his Eighth Amendment rights were violated when Defendants
5 refused to provide him with medical shoes that were prescribed by a podiatrist. Plaintiff
6 states that as a result of being denied the shoes, he has suffered continuous pain, swelling in
7 his feet and ankles, poor blood circulation and open sores on his feet. Plaintiff further alleges
8 that denial of the shoes may ultimately result in "loss of limb, blood cl[ot]s and/or death."

9     Plaintiff seeks injunctive relief and money damages.

10     Liberally construed, these allegations adequately state an Eighth Amendment medical
11 claim and the Court will require Defendants Pence and Antoine to answer the Second
12 Amended Complaint.

13 **III.    Warnings**

14     **A.     Address Changes**

15     Plaintiff must file and serve a notice of a change of address in accordance with Rule
16 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
17 relief with a notice of change of address. Failure to comply may result in dismissal of this
18 action.

19     **B.     Copies**

20     Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
21 of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate
22 stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit
23 an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply
24 may result in the filing being stricken without further notice to Plaintiff.

25     **C.     Possible Dismissal**

26     If Plaintiff fails to timely comply with every provision of this Order, including these
27 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
28 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

1 comply with any order of the Court).

2 **IT IS ORDERED:**

3     (1)    Defendants Pence and Antoine must answer the Second Amended Complaint.

4     (2)    The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 9), this Order, and both summons and request for waiver forms for Defendants Pence and Antoine.

    (3)    Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

    (4)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

    (5)    The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

    (6)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

        (a)    personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

        (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the

1 summons and of the costs subsequently incurred in effecting service upon Defendant.
2 The costs of service must be enumerated on the return of service form (USM-285) and
3 must include the costs incurred by the Marshal for photocopying additional copies of
4 the Summons, Second Amended Complaint, or this Order and for preparing new
5 process receipt and return forms (USM-285), if required. Costs of service will be
6 taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal
7 Rules of Civil Procedure, unless otherwise ordered by the Court.

(7) **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(8) Defendants must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(9) Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(10) This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 14th day of January, 2011.

_____
Robert C. Broomfield
Senior United States District Judge