**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Alvin Dolph, ) | No. CV 10-1162-PHX-RCB (MHB) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Arizona Community Protection and ) Treatment Center, et al., ) | |
| Defendants. ) | |

On December 3, 2010, Plaintiff James Alvin Dolph, who is confined in the Arizona State Hospital, filed a *pro se* civil rights Second Amended Complaint (Doc. 9). In his one-count Second Amended Complaint, Plaintiff sues Physician Assistant Randy Pence and Nursing Supervisor Annette Antoine. Plaintiff alleges that his Eighth Amendment rights were violated when Defendants refused to provide him with medical shoes that were prescribed by a podiatrist. Plaintiff states that as a result of being denied the shoes, he has suffered continuous pain, swelling in his feet and ankles, poor blood circulation and open sores on his feet. Plaintiff further alleges that denial of the shoes may ultimately result in "loss of limb, blood cl[ot]s and/or death." In its screening Order, the Court ordered Defendants Pence and Antoine to answer the Second Amended Complaint.

Although the record reflected that service was returned executed on both Defendants (Docs. 11, 12), the Court subsequently found that service was improper. Proper service of process could have only been accomplished by serving the Defendants in accordance with

1 the requirements of Fed.R.Civ.P. 4(e), which governs service over individuals and provides
2 as follows: delivering copies of the summons and complaint directly to the individual, Rule
3 4(e)(2)(A); leaving the copies with a suitable person at the individual's dwelling or usual
4 place of abode, Rule 4(e)(2)(B); or delivering them to an agent authorized by appointment
5 or by law to receive process, Rule 4(e)(2)(C). The rule also allows a plaintiff to request a
6 party to waive service, Rule 4(d). Plaintiff failed to claim that he sought a waiver from
7 Defendants, nor did he allege to have personally served Defendants or indicate that he left
8 copies of the summons and amended complaint at either Defendant's dwelling or usual place
9 of abode. Rather, Plaintiff attempted to serve the summons for Defendants on CEO John
10 Cooper at the Arizona State Hospital. While service upon the chief executive officer of the
11 associated county, municipal corporation, or other governmental subdivision of the state may
12 be appropriate when such entity is subject to suit, Ariz.R.Civ.P. 4.1(i), such is not the case
13 when individual defendants are involved. And, there was nothing in the record to suggest
14 that John Cooper was authorized to accept service on Defendants' behalf.

15 Thus, the record indicating that none of the Defendants have been served and the time
16 for completing service having expired, the Court ordered Plaintiff to show cause why this
17 action should not be dismissed due to Plaintiff's failure to serve. Plaintiff has not responded.
18 The Court, therefore, will determine whether dismissal is appropriate.

19 Plaintiff has the general duty to prosecute this case. See Fidelity Philadelphia Trust
20 Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the
21 Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or
22 to comply with these rules or any order of court, a defendant may move for dismissal of an
23 action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court
24 recognized that a federal district court has the inherent power to dismiss a case *sua sponte*
25 for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil
26 Procedure appears to require a motion from a party. Moreover, in appropriate circumstances,
27 the Court may dismiss a complaint for failure to prosecute even without notice or hearing.
28 See id. at 633.

1  In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to serve Defendants prevents the case against them from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The amended complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure this action is dismissed without prejudice.

DATED this 10th day of December, 2011.

Robert C. Broomfield
Senior United States District Judge

- 3 -