**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James Alvin Dolph, | ) | |
| | ) | |
| Plaintiff, | ) | No. CIV 10-1162 PHX RCB(MHB) |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Arizona Community Protection and Treatment Center, *et al*. | ) ) ) | |
| | ) | |
| Defendants. | ) | |

On December 12, 2011, in accordance with this court's order signed December 10, 2011, and Fed.R.Civ.P. 41(b), the Clerk of the Court entered judgment dismissing this action without prejudice. Doc. 31. Approximately ten months later, on October 10, 2012, plaintiff *pro se* James Alvin Dolph, filed the pending motion styled as a "Request for extension by the court[.]" Req. (Doc. 32). In his request, plaintiff claims that on April 10, 2012, he mailed his appeal of that December 12, 2011 Order and Judgment. Id. at 1:12-13. Plaintiff further claims that he called the Clerk of the Court (although

1  he does not specify which Court) "to verify the court[']s
2  possession" of his appeal.  Id. at 1:13.  After being advised
3  that the Court "never received" his appeal, plaintiff is
4  inquiring as to whether it is still possible for him to file
5  his appeal.  Id. at 1:14.  If so, he is seeking a 120 day
6  extension to allow him "to gather [his] evidence."  Id. at
7  1:16.

8      The State defendants, Arizona Community Protection and
9  Treatment Center and Annette Antoine, oppose plaintiff's
10 request for an extension as untimely under Fed.R.App.P.
11 4(a)(5)(i).  Resp. (Doc. 33).  Additionally, they argue that
12 plaintiff is not entitled to an extension of time because he
13 has not made the requisite showing of "excusable neglect" or
14 "good cause" as Fed.R.App.P. 4(a)(5)(ii) requires. Defendant
15 Randy Pence joins in that opposition.  Joinder (Doc. 24).
16 Plaintiff Dolph did not file a reply and the time to do so
17 has passed.  See LRCiv 7.2(d) (allowing for service of a
18 reply, "if th[e] party so desires[,]" within 7 days after
19 service of the responsive memorandum).

20     Defendants' position is well taken on both counts.  Rule
21 4(a)(5) allows a district court to extend the time to file a
22 notice of appeal if two conditions are met.  First, the party
23 must "so move[] no later than 30 days after the time
24 prescribed by Rule 4(a) expires[.]" Fed.R.App.P.
25 4(a)(5)(A)(i).  "[I]n other words, the request for an
26 extension of time must be filed within 60 days after the date
27 of entry of judgment."  Pruitt v. Metcalf & Eddy Inc., 2006
28 WL 760279, at *1 (S.D.N.Y. 2006) (citation omitted).  Second,

1  plaintiff Dolph, as the party seeking such an extension, must
2  show "excusable neglect or good cause." Fed.R.App.P.
3  4(a)(5)(A)(ii).  Plaintiff Dolph cannot satisfy either of
4  these requirements.
5       Plaintiff's motion for an extension is untimely in that
6  it was filed well beyond the 60 days allowed under Rule
7  4(a)(5)(A)(i).  Moreover, "cases from other circuits make it
8  clear that the district court lacks jurisdiction to grant any
9  extension motion that is not filed within the 30 day grace
10 period allowed by FRAP 4(a)(5)."  China Nat. Chemical Const.
11 Chonquing Co. v. Seedling, Worldmodal Network Services, 2007
12 WL 1235444, at *4 (D.Or. 2007) (citing, *inter alia*, Cohen v.
13 Empire Blue Cross and Blue Shield, 142 F.3d 116, 118 (2nd Cir.
14 1988)).
15      Even if this court could consider plaintiff Dolph's
16 untimely motion, it would not grant an extension because he
17 has not made the necessary showing under Rule 4(a)(5)(A)(ii).
18 "The good cause and excusable neglect standards [under that
19 Rule] have 'different domains.'" Fed.R.App.P. 4(a)(5))A)(ii),
20 Advisory Committee Notes on 2002 Amendments (citation
21 omitted).  Those standards "are not interchangeable, and one
22 is not inclusive of the other."  Id.  Essentially, "[t]he
23 excusable neglect standard applies in situations in which
24 there is fault[,]" whereas "[t]he good cause standard applies
25 in situations in which there is no fault -- excusable or
26 otherwise."  Id.  In the present case, plaintiff Dolph offers
27 no reason for his untimely filing and the court declines to
28 speculate.  Thus, plaintiff has not established either

1  "excusable neglect" or "good cause."
2      Accordingly, because plaintiff Dolph's motion seeking an
3  extension of time in which to file his appeal is untimely,
4  and because he has shown neither "excusable neglect" or "good
5  cause" for that untimely filing, the court hereby **DENIES**
6  plaintiff's motion (Doc. 32).
7      DATED this 29th day of October, 2012.

```
                    _____
                    Robert C. Broomfield
                    Senior United States District Judge
```

Copies to plaintiff *pro se* and counsel of record

- 4 -